IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JONATHAN DUNN, )
)
    Plaintiff, )
) No. 1:13-cv-00114
v. ) Senior Judge Haynes
)
BEN KILLINGSWORTH, et al., )
)
    Defendants. )

## MEMORANDUM

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 239) recommending that the motions to dismiss of Defendant Brandi Fender (Docket Entry No. 209), Defendants Carolyn Jordan and Jason Woodall (Docket Entry No. 214), and Defendant John Kiddy (Docket Entry No. 218) be granted. Plaintiff filed objections to the Report and Recommendation (Docket Entry No. 241), to which to following Defendants filed a response (Docket Entry No. 242): Corrections Corporation of America (CCA), Ben Killingsworth, Arvil Chapman, Bryon Ponds, Martha Hammack, Rhonda Holly, Hank Inman, Jordan Kiddy, and Brandi Fender. Upon de novo review, the Court **SETS ASIDE** the Report and Recommendation.

In his objection, Plaintiff first argues that all claims against Defendants Fender, Jordan, Woodall, and Kiddy should not be dismissed because this Court previously concluded that Plaintiff stated valid claims for relief. (Docket Entry No. 241 at 9). The three motions to dismiss were not before the Court at the time, but the Court considered the same claims that Plaintiff pursues against Defendants Fender, Jordan, Woodall, and Kiddy. (Docket Entry No. 227).

Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citations

and internal quotations omitted). Plaintiff must allege that the risk of harm was "objectively sufficiently serious" and that each Defendant had the "sufficiently culpable state of mind" of "deliberate indifference." Id. at 834 (citations and internal quotations omitted). The Supreme Court describes deliberate indifference as "know[ing] of and disregard[ing] an excessive risk to inmate health or safety." Id. at 837.

The Court again concludes that the alleged risk of harm was objectively sufficiently serious, as Plaintiff alleges escalating gang violence at South Central Correctional Facility (SCCF), (Docket Entry No. 141 at ¶¶ 42, 48), including that gang members threatened and attacked him, id. at ¶¶ 26, 30, 38, 58-63. The gang members received money from Plaintiff's family in exchange for Plaintiff's personal safety, id. at ¶¶ 38, 40, and demanded Plaintiff to hold contraband, id. at ¶ 44.

Plaintiff alleges that Defendant Jordan was the Tennessee Department of Corrections (TDOC) liaison to SCCF, and was responsible for ensuring that TDOC policies were being upheld at SCCF. (Docket Entry No. 141 at ¶ 5). Plaintiff alleges that Defendant Woodall, the TDOC Deputy Commissioner of Operations, twice reviewed Plaintiff's "grievance and summarily dismissed it without following through on whether SCCF was actually employing TDOC protective custody policies." Id. at ¶¶ 12, 37, 47.

Plaintiff's allegations are not limited to an isolated grievance, but describe ongoing violations of his right to personal safety under the Eighth Amendment. Plaintiff's allegations amount to a charge that Defendants Jordan and Woodall, "[a]t a minimum . . . implicitly authorized, approved, or knowingly acquiesced" in failing to protect Plaintiff from an excessive risk to his safety. Shehee v. Luttrell, 199 F.3d 296, 300 (6th Cir. 1999); Farmer, 511 U.S. at 837. On a motion to dismiss, the Court must accept Plaintiff's factual allegations as true. Thus, the Court concludes that Plaintiff's

2

failure-to-protect claim against Defendants Jordan and Woodall may proceed.

As to Defendant Kiddy, Plaintiff alleges that he "explained his interaction with Biles to guard John Ki[dd]y, further explained that his prior conviction for attempted rape made him a likely target of violence, and requested Protective Custody. Ki[dd]y responded that [Plaintiff] should 'man up' and 'stop being a bitch.'" (Docket Entry No. 141 at ¶ 27). As to Defendant Fender, Plaintiff alleges that he "made requests to Defendants Hammock, Holly, and Fender at various times to be placed in Protective Custody for his own safety, describing the reasons for his request, to no avail." Id. at ¶ 50.

The Court concludes that Plaintiff's failure-to-protect claim is not based solely on the administrative denial of his requests for protective custody, but also on the alleged deliberate indifference of all Defendants to an extreme risk of harm. A failure-to-protect claim need not be based on protective custody status. See e.g., Dellis v. Corrs. Corp. of Am., 257 F.3d 508, 512 (6th Cir. 2001) (finding that an inmate-plaintiff's refusal of protective custody does not necessarily excuse the defendants' alleged failure to protect). Here, Plaintiff has sufficiently alleged that Defendants Fender and Kiddy knew of and disregarded an extreme risk to Plaintiff's safety. See Farmer, 511 U.S. at 837. The Court must accept Plaintiff's factual allegations as true at this juncture. Thus, the Court concludes that Plaintiff has stated a claim for failure to protect under the Eighth Amendment against Defendants Fender and Kiddy.

As to Plaintiff's official capacity claims, the Court concludes that Plaintiff's prospective claims for declaratory and injunctive relief against Defendants Jordan, Woodall, Fender, and Kiddy may proceed. See Barker v. Goodrich, 649 F.3d 428, 433 (6th Cir. 2011) (citing Will v. Mich. Dep't of State Police, 491 U.S. 51, 71 n.10 ) (allowing official capacity claims for declaratory and injunctive relief against prison employees to proceed despite dismissing any official capacity claims

for monetary damages). To the extent that Plaintiff seeks money damages from Defendants Jordan and Woodall in their official capacities, those claims are barred by sovereign immunity because they are state officials. Will, 491 U.S. at 64, 71. Likewise, any claims for money damages against Defendants Fender and Kiddy in their official capacities are dismissed as redundant because their employer, CCA, is a named Defendant in this action. Wolfel v. Morris, 972 F.2d 712, 718 (6th Cir. 1992) (official-capacity claims are equivalent to claims against the entity itself). Yet, this limitation does not warrant dismissal of these Defendants.

For these reasons, the Report and Recommendation should be **SET ASIDE**. The motions to dismiss filed by Defendants Jordan and Woodall (Docket Entry No. 214), Fender (Docket Entry No. 209), and Kiddy (Docket Entry No. 218) should be denied.

An appropriate Order is filed herewith

**ENTERED** this the ___ day of January, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge

4